NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-3240

_____

UNITED STATES OF AMERICA

v.

KWAME THOMAS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00783-001)
District Judge:  Honorable John R. Padova

_____

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2012

Before: SLOVITER, CHAGARES, and JORDAN, *Circuit Judges*

(Filed: June 29, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Kwame Thomas appeals his conviction and sentence for one count of robbery which interfered with commerce and one count of using and carrying a firearm during a crime of violence. Counsel for Thomas has moved to withdraw and filed an *Anders* brief, asserting that there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). As authorized in *Anders*, Thomas has filed a pro se brief. We will affirm and grant counsel's motion to withdraw.[1]

## I.

A grand jury indicted Kwame Thomas for three robberies and charged him with conspiracy to commit robbery which interfered with commerce in violation of 18 U.S.C. § 1951(a) (Count Three), three counts of robbery which interfered with commerce in violation of 18 U.S.C. § 1951(a) (Counts One, Four, and Six), and three counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts Two, Five, and Seven). A jury ultimately convicted Thomas of one count of robbery (Count 1) and one count of using a firearm in furtherance of a violent crime (Count 2), and acquitted him of the remaining charges (Counts 3-7).

The jury found Thomas guilty of robbing the Smitty's Mill Creek Bar in Philadelphia, which obtained and sold out-of-state goods. Thomas took about $600 from the establishment. After his conviction, the District Court sentenced Thomas to 135

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

months imprisonment—51 months on Count One (Robbery) and 84 months on Count Two (use of a firearm).  Thomas appealed.

## II.

Under *Anders v. California*, counsel may seek to withdraw from representing an indigent criminal defendant on appeal if there are no nonfrivolous issues to appeal. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).  We exercise plenary review to determine whether there are any such issues.  *See Penson v. Ohio*, 488 U.S. 75, 80-83 & n.6 (1988).  We must determine: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and (2) whether an independent review of the record presents any nonfrivolous issues.[2]  *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).  "An appeal on a matter of law is frivolous where none of the legal points are arguable on the merits."  *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001) (internal quotation marks and alterations omitted).

Thomas claims that his robbery indictment is invalid because it does not include the words "in furtherance of" despite the phrase's use in the underlying statute, 18 U.S.C. § 1951(a).  Section 1951(a), however, is phrased disjunctively, and Thomas' indictment

---

[2] Third Circuit Local Appellate Rule 109.2(a) provides:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California* . . . , which shall be served upon the appellant and the United States. . . .  If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3

tracks the statutory language.[3]  Because the language "in furtherance of" does not apply to the crime of robbery, we agree with the District Court that Thomas' argument is "based on a fundamental misunderstanding of the[] statute[]."  App. at 9.

Thomas also argues that his conviction violated his rights under the Sixth Amendment's Confrontation Clause because the prosecution failed to call the informant or "tipster" who caused the government to seek Thomas as a suspect.  The Confrontation Clause applies to witnesses who "'bear testimony,'" which is "typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'"  *Crawford v. Washington*, 541 U.S. 36, 51 (2004).  Because the purported "tipster" neither provided testimonial evidence nor was a witness against the accused,[4] the Confrontation Clause does not apply.  *See id.* at 51-52.

---

[3] 18 U.S.C. Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property *in furtherance of* a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(emphasis added).

[4] Thomas' argument seems to rely on the testimony of Detective William Farrell, who stated at trial that he eventually developed a robbery suspect.  Even if we assume that those developments resulted from an out-of-court informant's statements, the Confrontation Clause does not apply because the prosecution did not use such statements to prove a fact at trial.  *See Crawford*, 541 U.S. at 59 n.9 ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

Appellant argues that there was insufficient evidence to show that his conduct interfered with commerce in violation of 18 U.S.C. § 1951(a). We have recognized that if a defendant's conduct "produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential, it is sufficient to uphold a prosecution under [§ 1951]."[5] *United States v. Haywood*, 363 F.3d 200, 210 (3d Cir. 2004) (internal quotation marks omitted). "Moreover, [a] jury may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *Id.* (internal quotation marks omitted). Here, the prosecution presented evidence that Thomas took about $600 from Smitty's Mill Creek Bar, and that the bar sold liquor products from outside the Commonwealth. The evidence is therefore sufficient to uphold Thomas' conviction under § 1951.[6]

Finally, Thomas argues that his sentence is invalid because the District Court imposed a sentence of 84 months on Count Two—using a firearm in violation of 18 U.S.C. § 924(c)(1)—although the punishment is "typically . . . 5 years." Pro Se Br. at 5. However, § 924(c)(1)(A)(ii) provides that "if the firearm is brandished, [the defendant

---

[5] In addition, we "will sustain [a] verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Urban*, 404 F.3d 754, 762 (3d Cir. 2005) (internal quotation marks omitted).

[6] The arguments in Thomas' pro se brief are not clearly developed. To the extent that Thomas argues that his conviction violates principles of federalism by "prosecuting . . . State law prohibited conduct," Pro Se Br. at 3, it is well established that the federal and state governments are separate sovereigns, and may prosecute the same acts under their respective laws. *See, e.g.*, *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 782 n.22 (1994) ("[T]he Constitution does not prohibit successive prosecutions by different sovereigns based on the same conduct."). Additionally, Thomas argues that his due process rights were violated due to "pre-indictment delay," Pro Se Br. at 3, but there is nothing in the record that supports that claim.

shall] be sentenced to a term of imprisonment of not less than 7 years." Because witness testimony established that Thomas brandished a firearm during the robbery, *see* App. at 42-43, the District Court did not err by sentencing Thomas to 84 months on Count Two. Accordingly, there is no non-frivolous issue for appeal in this case.

### III.

For these reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw.